UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

JASON RUSSELL, )
 )
    Plaintiff, ) Civil Action No. 0:11-CV-054-HRW
 )
V. )
 ) **MEMORANDUM OPINION**
GARY BECKSTROM, Warden, ) and
ET AL., ) **ORDER**
 )
    Defendants. )

\*\*   \*\*   \*\*   \*\*   \*\*

## INTRODUCTION

Plaintiff Jason Russell, an inmate at the Eastern Kentucky Correctional Complex ("EKCC") in West Liberty, Kentucky, by counsel, brings this action pursuant to 42 U.S.C. § 1983, alleging that the named defendants, Gary Beckstrom, Warden at EKCC, and five other defendants identified in the Complaint only as "John Does 1-5," have failed to provide him with Seroquel, a specific medication he alleges is required to control his disruptive and violent behavior and outbursts, in violation of his Eighth, Tenth, and Fourteenth Amendment rights. Plaintiff also asserts state law claims of negligence, gross negligence, outrageous conduct, and intentional infliction of emotional distress.

Plaintiff seeks injunctive relief requiring that the Defendants be ordered to medicate him with Seroquel, in accordance with doctor's orders.[1] Plaintiff also seeks compensatory and punitive damages, pre-judgment and post-judgment interest, his costs, and attorneys' fees.

This matter is before the Court on the motion of defendant Gary Beckstrom, Warden, to dismiss for Plaintiff's failure to exhaust his administrative remedies. Having considered Defendant's fully-briefed motion, the Court concludes, for the reasons stated below, that said motion to dismiss for failure to exhaust administrative remedies has merit. This case will be dismissed without prejudice for Plaintiff's failure to exhaust his administrative remedies. For this reason, Plaintiff's motion for a status conference and/or a hearing on defendant's motion to dismiss will be denied as moot.

## DISCUSSION/ANALYSIS

The Prison Litigation Reform Act, ("PLRA") 42 U.S.C. § 1997e(a), requires state and federal prisoners to exhaust all available administrative remedies before bringing an action with respect to prison conditions under federal law. The Supreme

---

[1] Plaintiff states that while he was incarcerated at the Kentucky Correctional Psychiatric Center ("KCPC") and under the care of Dr. Edwin O. Walker at KCPC, Dr. Walker determined that Seroquel was effective in controlling his violent and disruptive behavior.

Court of the United States has twice held that the statute means precisely what it says. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Porter v. Nussle*, 534 U.S. 516, 525 (2002). Additionally, in *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006), the Supreme Court held that exhaustion of administrative remedies must be done "properly," which means going through all steps that the agency holds out, obeying all directions, and adhering to all deadlines set by the administrative rules. *Id.* at 90.

The Kentucky Department of Corrections Grievance Procedure, as presented in Corrections Policy and Procedure ("CPP") 14.6, prescribes a number of steps that are involved in a medical grievance. The process begins with the filing of a grievance, which leads to an attempt at resolution through informal means. If the inmate is not satisfied, he may request a review by the Health Care Grievance Committee. If the inmate is not satisfied with the Health Care Grievance Committee's recommendation, he may appeal to the Department of Corrections Medical Director's Office for a final administrative review. See CPP 14.6(II)(K). If the inmate is not satisfied with the decision of the KDOC Medical Director, the final decision in the administrative review process, then the PLRA authorizes the filing of a civil lawsuit.

In *Jones v. Bock*, 549 U.S. 199, 214-15 (2007), the Supreme Court held that failure to exhaust administrative remedies is an affirmative defense under the PLRA, 42 U.S.C. § 1997e(a). In this case, the Defendants have raised Plaintiff's failure to

exhaust as an affirmative defense, and, in response thereto, Plaintiff has not rebutted that defense with any evidence indicating that he had exhausted his administrative remedies prior to filing the present complaint.

## CONCLUSION

Accordingly, for the reasons stated above, **IT IS ORDERED** as follows:

(1)   Defendant's motion to dismiss [D.E. No. 4] is **GRANTED**.

(2)   Plaintiff Jason Russell's Complaint, [D. E. No. 2], is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

(3)   Plaintiff's motion for a status conference and/or a hearing on defendant's motion to dismiss [D. E. No. 7] is **DENIED** as **MOOT**;

(4)   This action is **DISMISSED** from the docket of the Court; and

(5)   Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendants.

This 28th day of September, 2011.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge